**In re Catherine Mae LILLIE, Debtor.**

**Bankruptcy No. 581–269.**

United States Bankruptcy Court, N. D. Ohio.

July 22, 1981.

Morris H. Laatsch, Akron, Ohio, for debtor.

George Manos, Akron, Ohio, for employer.

H. F. WHITE, Bankruptcy Judge.

### FINDING

On June 2, 1981 the debtor filed a motion to cite Sefac III, dba Swenson's North, hereinafter referred to as "Employer", in contempt of Court alleging it continued to withhold the sum of Twenty Five Dollars ($25.00) per week from the wages of the said Debtor in violation of 11 U.S.C. Section 362 of the Bankruptcy Code. Said matter was duly set for hearing and Debtor and Employer appeared represented by counsel.

### BACKGROUND

The Debtor, Catherine Mae Lillie, filed a voluntary petition in bankruptcy on February 20, 1981. Sefac III, dba Swenson's North, was duly scheduled as an unsecured creditor in the amount of Twenty Four Hundred Dollars ($2400.00), the debt having been incurred in July, 1980. The Employer had extended a loan in the amount of Twenty Eight Hundred Dollars ($2800.00) in July, 1980, to satisfy a judgment that had been attained against the Debtor by Sears, Roebuck & Co. and Montgomery Ward Co., and the Debtor had consented to a deduction of Twenty Five Dollars ($25.00) per week from her wages to repay the debt which would have required a deduction for one hundred twelve (112) weeks.

The Employer proceeded to make said deductions from the Debtor's wages for each and every week after July, 1980, up to and including the date of discharge which was May 26, 1981. Therefore, Three Hundred Fifty Dollars ($350.00) had been deducted from the wages of the Debtor which were paid to her after the filing of her petition in bankruptcy. The first said deduction made after Debtor filed bankruptcy was on February 25, 1981 and the last deduction on May 26, 1981, the total amount deducted being Three Hundred Fifty Dollars ($350.00).

The Employer admitted receiving notices of the bankruptcy on or about February 26 or 27, 1981. However, the Court finds that the Debtor did voluntarily acquiesce to the deduction of Twenty Five Dollars ($25.00) per week from her wages for the payment of the debt. The said debt is dischargeable under 11 U.S.C. Section 523 of the Bankruptcy Code and further there were no objections to the discharge of the Debtor nor were there any complaints filed to determine the dischargeability of the debt as provided for under 11 U.S.C. Section 523(c).

The Court further finds that there was no application filed under 11 U.S.C. § 524(c) for reaffirmation of said debt, said debt being an unsecured claim.

The Court finds that the Debtor's discharge from her employment on or about May 26, 1981 was due to the claim of the Employer that an embezzlement had occurred, the Debtor being a day manager of

the restaurant. It was alleged by the Employer that between January, 1981 and May 15, 1981 there had been a shortage of Four Hundred Ninety Two Dollars and Twenty Four Cents ($492.24) of cash receipts. However, the Court finds from the testimony that the Debtor did not have exclusive control of the receipts of the drive-in restaurant and there were other persons who had access to the cash register during the same working period. However, there was circumstantial evidence to indicate that the Debtor could have participated and created shortages which brought about her loss of employment.

Also, the Court finds there was some dispute that arose between the Debtor and the Employer as to the payment of hospitalization for the employees of the company that occurred on or about March 1, 1981.

It is obvious to this Court that the motion for contempt was precipitated by the Debtor's discharge from employment, and in all probability had the employee's discharge not occurred, the Debtor probably would not have objected to the deduction of Twenty Five Dollars ($25.00) per week as she had been employed in her position for over a period of twelve (12) years and it appeared there was a very close relationship between the Debtor and the Employer and that the loan had been a "friendly loan". There was no evidence that the Employer, as a condition of Debtor's continued employment, directly or indirectly coerced Debtor to acquiesce to the deductions.

Therefore, from all the evidence, the Court does determine that the Employer is not in contempt of this Court as the Debtor voluntarily acquiesced to the deduction of the Twenty Five Dollars ($25.00) per week from her wages. However, the Court does find there was significant implied pressure upon the Debtor to allow the deductions because of the Employer-Employee relationship.

As previously indicated, there was no application filed with this Court as provided for under 11 U.S.C. Section 524 for reaffirmation of the said debt, and that further the discharge hearing pursuant to 11 U.S.C. § 524(d) had been adjourned until June 2, 1981 at which time the Court was required to inform the Debtor of her rights under the Bankruptcy Code.

Therefore, the Court finds that the Debtor is entitled to reimbursement of Three Hundred Fifty Dollars ($350.00). The Court does not find there was sufficient evidence presented to substantiate the Employer's claim of the shortage of Four Hundred Ninety Two Dollars and Twenty Four Cents ($492.24) nor was there sufficient evidence to indicate there were any payments due under the insurance medical plan as alleged at the hearing by the Employer. Since the Court has determined that the Employer did not willfully violate the automatic stay provision under Section 362 of the Bankruptcy Code, the Debtor is not entitled to attorney fees.

Therefore, it is the Finding of this Court that the motion to cite the Employer in contempt of Court is dismissed. However, the Employer is ordered to pay to the said Debtor the sum of Three Hundred Fifty Dollars ($350.00), which was withheld from her wages between February 25, 1981 and May 26, 1981, said payment to be made within ten (10) days of the entry of this Finding.

Further, it is the Finding of this Court that the claims raised by the Employer against the Debtor which occurred after February 20, 1981 are hereby dismissed.